```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION
```

| | |
|---|---|
| **WILLIAM SHANE COWART,** | * |
| | * |
|     **Plaintiff,** | * |
| | * |
| **vs.** | *  CIVIL ACTION 04-00071-KD-B |
| | * |
| **RYAN ROBINSON,** *et al.,* | * |
| | * |
|     **Defendants.** | * |

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se, filed the instant action alleging violations of 42 U.S.C. § 1983 while he was incarcerated in an Alabama prison facility. In an Order dated September 8, 2005, the Court set this action for a May 2006, trial. (Doc. 36). In response, Plaintiff informed the Court that his expected release date was September 2006, and requested that the trial be stayed until after his release. (Doc. 45). Plaintiff also requested appointment of counsel. The Court granted Plaintiff's request to delay the trial, and directed Plaintiff to notify Court of his release, and desire to continue the litigation. (Doc. 47). The Court denied Plaintiff's request for appointment of counsel, and explained that Plaintiff's pleading imparted an understanding of the law as it pertains to his claims.

On October 6, 2006, Plaintiff informed the Court of his release, of his new address, and of his desire to continue with this litigation. (Doc. 61). Subsequent thereto, the Court issued an Order setting this case for a scheduling conference on February

2, 2007. (Doc. 66). Plaintiff was expressly cautioned that failure to attend the conference may be viewed as abandonment of prosecution and might result in the dismissal of his action. Plaintiff was also provided a copy of the Court's Pro Se Litigation Guide.  Plaintiff failed to appear for the February 2nd conference, and also failed to notify the Court of any scheduling conflicts or other obstacles that made it difficult or impossible for him to attend.  Moreover, his copy of the January 12, 2007, Order and the Pro Se Litigation Guide have not been returned to the Court.

Given that this action was previously stayed at Plaintiff's request, until after his release from prison, and that he failed to appear, without explanation, for the scheduling conference, the undersigned concludes that Plaintiff has abandoned this litigation. He has failed to comply with the Court's Order and to prosecute this action.  Upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989);

Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **2nd** day of **February 2007**.

                                         /S/ SONJA F. BIVINS
                                      **UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **<u>Objection</u>**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                                     <u>     /S/ SONJA F. BIVINS     </u>
                                                                        **UNITED STATES MAGISTRATE JUDGE**